STATE OF MAINE *vs.* J. WASILENSKIS.

Androscoggin. Opinion October 9, 1915.

*Complaint.      Demurrer.      Description of Person.      Exceptions.*
*Misnomer.                Plea in Abatement.*

Exceptions to overruling of defendant's demurrer to a complaint charging one by the name of J. Wasilenskis with the illegal possession of intoxicating liquors.

*Held:*

1. Letters of the alphabet, consonants as well as vowels, may be names sufficient to distinguish different persons of the same surname.

2. If the name of the defendant, by which he was christened or generally called or known, be other than that by which he is designated in the complaint or indictment, it is a case of misnomer and should be pleaded in abatement.

On exceptions by defendant.   Exceptions overruled.

This is a complaint charging one J. Wasilenskis with the possession of intoxicating liquors.   The defendant demurred to said complaint. The presiding Justice overruled the demurrer and the defendant excepted to the overruling of said demurrer.

The case is stated in the opinion.

*William H. Hines,* county attorney, for the State.

*H. E. Holmes,* for defendant.

SITTING:   SPEAR, KING, BIRD, HALEY, HANSON. JJ.

BIRD, J.   This case is before this court upon exceptions to the overruling of defendant's demurrer to a complaint charging one by the name of J. Wasilenskis with the illegal possession of intoxicating liquors.   It is conceded that the question intended to be raised by the demurrer is whether or not this description of the defendant is sufficient.

It does not appear from the complaint, demurrer and joinder, and these constitute the record, that defendant has any other or any

more of a name than J. Wasilenskis. Letters of the alphabet, consonants as well as vowels, may be names sufficient to distinguish different persons of the same surname: *State* v. *Cameron,* 86 Maine, 196, 197 and cases cited: *State* v. *Libby,* 103 Maine, 147, 150. See also *Dutton* v. *Simmons,* 65 Maine, 583, 585.

If the name of the defendant by which he was christened or generally called or known, be other than that by which he is designated in the indictment, it is a case of misnomer and should be pleaded in abatement. Mr. Heard's statement of the law is "Whatever mistake may be made in his name, the defendant can take advantage of it by plea in abatement only." Heard Cr. Pl., 51. We think it may be adopted as correct, with two possible exceptions which, in this case, it is unnecessary either to consider or to state.

*Exceptions overruled.*